# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF DELMAR L. HARDY, BAR NO. 1172.

No. 76657

FILED

OCT 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Delmar L. Hardy. Under the agreement, Hardy admitted to violating RPC 8.4(b) (misconduct: committing criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer) and agreed to a four-year suspension retroactive to May 15, 2018, the date of his temporary suspension under SCR 111.

Hardy has admitted to the facts and violations alleged in the complaint. The record therefore establishes that Hardy was convicted of three counts of filing false tax returns and aiding and abetting the filing of false tax returns after he under-reported his income for three years, including failing to report substantial amounts of attorney's fees paid by clients in cash. Thus, the record establishes that he violated RPC 8.4(b).

As Hardy admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988)

 
18-39833

(explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Hardy knowingly violated his duty to the profession to maintain professional integrity. There was no evidence that any of Hardy's clients were harmed, but Hardy's conviction potentially harmed the integrity of the profession. The baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 5.12 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct . . . that seriously adversely reflects on the lawyer's fitness to practice."). The record supports one aggravating circumstance (substantial experience in the practice of law) and one mitigating circumstance (cooperative attitude toward the disciplinary proceeding).[1] Considering all four factors, we conclude that the agreed-upon four-year suspension retroactive to Hardy's temporary suspension date is appropriate.

Accordingly, we hereby suspend attorney Delmar L. Hardy from the practice of law in Nevada for a period of four years commencing from May 15, 2018, the date of his temporary suspension. Hardy shall pay the actual costs of the disciplinary proceeding, including $2,500 pursuant to

---

[1]The panel also found the mitigating circumstance of no prior discipline, but shortly after the panel's recommendation was entered, Hardy was publicly reprimand by this court.

SCR 120, within 60 days of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Chair, Northern Nevada Disciplinary Board
Delmar L. Hardy
Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court